# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR THOMAS, | }<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:16-cv-00456-MHH<br>} |
| JOHN GERALD STUMPH, et al., | }<br>} |
| Defendants. | }<br>}<br>}<br>} |

## ORDER

On March 21, 2016, plaintiff Arthur Thomas filed a *pro se* complaint against a number of defendants invoking the "Copyright Law of the United States of America." (Doc. 1). Mr. Thomas also filed a motion for leave to proceed without paying a filing fee (i.e. to proceed *in forma pauperis*). The magistrate judge presiding over the action granted the motion to proceed *in forma pauperis*. (Docs. 2, 3). The magistrate judge also asked Mr. Thomas to show cause in writing on or before April 8, 2016, why the Court should not dismiss this action for lack of jurisdiction or because Mr. Thomas's allegations fail to state a claim upon which relief may be granted. (Doc. 3, pp. 6-7). When Mr. Thomas did not respond to the magistrate judge's show cause order, the Clerk of Court reassigned this case to the undersigned district judge. (Docs. 4, 5).

1

Mr. Thomas responded to the show cause order on July 20, 2016 by filing an amended complaint. (Doc. 6). On August 16, 2016, Mr. Thomas filed a notice that supplements his allegations. (Doc. 7). The notice is titled "prima facie case – identity theft." (Doc. 7, p. 1).

Under 28 U.S.C. § 1915, which permits Mr. Thomas to proceed *in forma pauperis*, the Court must dismiss a case "if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court has considered Mr. Thomas's original complaint, the order entered by the magistrate judge, Mr. Thomas's response to the show cause order, and Mr. Thomas's notice to the Court. (Docs. 1, 3, 6, 7). The Court finds that, like the original complaint, Mr. Thomas's amended complaint is subject to dismissal under §§ 1915(e)(2)(i) and (ii). Although Mr. Thomas uses language relating to copyright law throughout his amended complaint, he identifies no copyrighted material in his amended complaint, and he provides no allegations that explain how the defendants arguably violated federal copyright laws. Therefore, Mr. Thomas's amended complaint does not state a claim upon which relief may be granted.

Mr. Thomas's notice seems to pinpoint the nature of his claim – identity theft. Mr. Thomas has not identified a federal statute under which he may pursue

an identity theft claim, and he has not carried his burden of demonstrating that the citizenship of the parties is completely diverse, eliminating the other potential basis for subject matter jurisdiction. (*See* Doc. 3, pp. 4-5). Consequently, the Court lacks jurisdiction over Mr. Thomas's identity theft claims.

Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to please mail a copy of this order to Mr. Thomas and close the file.

**DONE** and **ORDERED** this May 1, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE